IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 04-10089-RWZ |
| ROBERT C. GERRARD | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

The United States of America, by and through its attorneys, Michael J. Sullivan, U.S. Attorney for the District of Massachusetts and Nadine Pellegrini, Assistant U.S. Attorney, hereby files the **GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** as follows:

1. The indictment is constitutionally sufficient. The court is not permitted to look beyond the allegations of the indictment pursuant to Fed.R.Crim.P. 7(c).

2. Defendant ignores the dictates of Fed.R.Crim.P. 7(c) and errs both in stating that "facts" are undisputed and in urging the court to make factual determinations regarding sufficiency of the evidence prior to trial.

3. Defendant errs in defining the elements of the charged conduct.

4. Defendant errs in defining the correct statute of limitations.

## I. The Indictment is sufficient and is not subject to dismissal.

### A. Standard of Sufficiency

Defendant requests a dismissal of all counts of the indictment on the grounds that all fail to state a crime. Defendant Memo, p. 2.[1]  However, Defendant has simply ignored the standard and procedures for determining sufficiency of the indictment as set forth at F.R.Crim. P. 7(c) which states, in pertinent part:

> The indictment or the information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.

The Supreme Court has repeatedly advised that the criteria determining sufficiency of the indictment are whether (1) "... the indictment 'contains the elements of the offense intended to

---

[1] Defendant subsequently appears to enlarge his claim to state the that government could not prove that the Defendant committed the crimes.  Defendant Memo, p. 9.  The government is not required to rebut allegations regarding proof and evidence at this point. Regardless of whether the Defendant's motion attacks either the wire fraud or the embezzlement of government property, the attempt to have the court weigh the sufficiency of the "evidence" as opposed to the sufficiency of the allegations, is not permitted.  "To the extent that the district court looked beyond the fact of the indictment and drew inferences as to the proof that would be introduced by the government at trial... such an inquiry into the sufficient of the evidence was premature." United States v. Alfonso, 143 F.3d 772, 776. (2nd Cir. 1998).
   See also United States v. Nukida, 8 F.3d 665 (9th Cir. 1993) wherein a pre-trial motion which challenged the government's ability to prove an element of crime was "a premature challenge to sufficiency of evidence" and not a proper motion under Fed.R.Crim.P. 12(b).

be charged, and sufficiently apprises the defendant of what he must be prepared to meet"; and (2) "secondly, "in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Russell v. United States, 369 U.S. 749, 82 S.Ct. 764 (1962), quoting Cochran and Sayre v. United States, 157 U.S. 286, 290; Rosen v. United States 161 U.S. 29; Hagner v. United States, 285 U.S. 427.

In addressing the sufficiency of the indictment, the First Circuit has stated:

> We first look at the black letter rule: in general an indictment is sufficiently particular if it elucidates the elements of a crime, enlightens a defendant as to the nature of the charges against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense.

United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir.1993).

In this case, there is no claim raised by the defendant that the indictment fails to include the requisite charging language. Indeed, a reading of each of the counts reveals that the charging language for all counts faithfully tracks the statutory language. At this point, the court's inquiry must end.

> It is well-established that an Indictment that is valid on its face may not be dismissed on the ground that it is based on inadequate or insufficient evidence. See United States v. Williams, 504 U.S. 36, 54, 112 S.Ct. 1735, 1745-46, 118 L.Ed.2d 352 (1992); United States v. Calandra, 414 U.S. 338, 345, 94 S.Ct. 613, 618-19, 38 L.Ed.2d 561 (1974); United States v. Casamento, 887 F.2d 1141, 1182 (2d Cir.1989), cert. denied, 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990). Thus, at this stage in the proceedings, such a challenge to the sufficiency of the evidence does not provide a basis

>for dismissal of the Indictment or for holding a pre-trial hearing, because the Government is not required to demonstrate the sufficiency of its proof until the close of its case-in-chief at trial. See <u>United States v. Gambino</u>, 809 F.Supp. 1061, 1079 (S.D.N.Y.1992); <u>United States v. Marchese</u>, 1991 WL 60338 *2 (S.D.N.Y. April 11, 1991).

<u>United States. v. Elson</u>, 968 F.Supp. 900, 905 (S.D.N.Y.).

This court is not permitted to look beyond the indictment. "The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute." <u>United States v. Critzer</u>, 951 F. 2d 306, (11th Cir. 1992).

" ... [W]e have consistently upheld indictments that "do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." <u>United States v. Tramunti</u>, 513 F.2d 1087, 1113 (2d Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975).

As noted, Defendant does not allege that the indictment fails to meet Fed. R. Crim. P. 7(c) standards. Indeed, he fails to address this determination entirely. Instead, Defendant attempts to circumvent this long-standing rule by seeking a ruling that would equate the production of automatic discovery

material, and the Defendant's "analysis" of such to "uncontested" factual issues.  This is neither the state of this case nor the law.

Defendant relies upon the holding in United States v. Brown, 925 F.2d 1301, for the proposition that the court may examine the factual predicate underpinning the indictment. However, as set forth below, Defendant mis-states both the record of this case and the specific holding of Brown.

Addressing the facts of the Brown case first, there, in response to a pre-trial motion to dismiss, the district court suggested an evidentiary hearing to determine the motion. Neither the government nor the defendant objected to that procedure. Witnesses were called and the government produced an exhibit. After the hearing, the court dismissed the indictment.

In upholding the procedure on appeal, the Tenth Circuit noted that "[t]his, however, is not the ordinary case arising on a motion to dismiss the indictment, as under Rule 12(b).... Here, the parties *both* presented evidence and raised no objection to the judge's consideration of the facts."  Brown, 925 F. 2d at 1304. (emphasis in the original).  Moreover, in affirming the district court's decision, the Tenth Circuit found that the government did not timely object below to the court's consideration of the evidence, and did not raise an objection to this procedure until the filing of the Appellate Reply Brief.

Nor is there is a haven for the Defendant in the facts of

United States v. Risk, 843 F.2d 1059 (7th Cir. 1988). Again, the very specific facts of the case were controlling on appeal. In Risk, the government's response to the motion "conceded that the facts presented by Risk were 'essentially accurate []." Brown, 9025 F.2d at 1304. In the case at bar, the government not only does not concede the accuracy of the "facts" as presented by the Defendant, the government contends that such "facts", the conclusions drawn therefrom, and the legal analysis applied, are wrong and inaccurate.

In sum, neither Brown nor Risk stand for the proposition as set forth by the Defendant that the receipt of discovery material amounts to "undisputed" facts which permit an inquiry beyond what is charged in the indictment.

" ... [A] technically sufficient indictment "is not subject to dismissal on the basis of factual questions, the resolution of which must await trial." See, e.g., United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir.1998) (holding that district court erred in dismissing the indictment based on sufficiency of evidence); United States v. Paccione, 738 F.Supp. 691, 696 (S.D.N.Y.1990)." United States v. Triumph Capital Group, Inc., 260 F.Supp.2d 470, 472, 473 (D.Conn. 2003).

**II. Premise of Defendant's Argument is in Error**

    **A. Elements of 18 U.S.C. §641**

An example of the peril of proceeding on the Defendant's premise becomes clear when examining two key points underlying the Defendant's arguments.  First, Defendant states that "no lawful conversion occurred at the moment the monies transferred into the account." Defendant Memo, p. 6. Defendant goes on to attempt to define "conversion" as subsequent *use* by the Defendant.  (Defendant states that the Indictment does not allege that "defendant actually used all or any portion of the funds." Defendant Memo, pg. 5.)

The problem with this analysis is that it is an incorrect statement of the definition of the elements of §641.  The Indictment charges that the Defendant did steal, embezzle, purloin and knowingly convert...." [2] Embezzlement, conversion and theft are all defined to include "retention" of property and/or funds. "'Conversion' is the deliberate taking or **retaining** of the money or property of another with the intent to deprive the owner of its use or benefit either temporarily or permanently." *See* Kevin F. O'Malley, *et al., 1A Fed. Jury Practice and Instructions*, § 16.03 (5th ed.); see also §16.03 (wherein

---

[2]Defendant is charged in the conjunctive and "given that section 641 lists those acts disjunctively, the government, of course, only was required to proves that [the Defendant's] conduct satisfied one of those acts to convict...." United States v. Smith, 373 F.3d 561 (4th Cir. 2004).

'stolen' is defined as "acquired or possessed as a result of some wrongful or dishonest act or taking whereby a person knowingly obtains or **retains possession** of property which belongs to another without or beyond any permission given and with the intent to deprive the owner of the benefit of ownership or possession.").

Simply put, the entire thrust of the Defendant's argument regarding amounts used and withdrawn is irrelevant.

The same factual pattern was discussed recently in United States v. Smith, 373 F.3d 561, (4th Cir. 2004). In Smith, the Defendant was also charged with violating 18 U.S.C. §641 for theft of social security benefits intended for his deceased mother. The funds were automatically deposited into a joint bank account and continued to be deposited after his mother's death. In discussing the difference between embezzlement and larceny, the Court noted that a charge of embezzlement could lie when the evidence showed that Smith's continued possession of the funds was improper. Smith, 373 F.3d at 567.

**B. 18 U.S.C. §641 is a Continuing Offense**

The second serious mis-statement made by the Defendant is in attempting to analyze bank records within the wrong period of

time.  Almost all of the Defendant's argument regarding timing of deposits and withdrawals is premised upon having the court analyze the monies deposited and withdrawn from 1999 on.  The Defendant states that the statute of limitations period is from 1999 on. ("The five year limitations period began on March 31, 1999." Defendant's Memo, p. 4). This is simply wrong.

The Defendant is charged with the commission of a violation of 18 U.S.C. §641 from **1987**  until **2003**. (See General Allegations, 04-10089-RWZ and Count Four, 04-10089-RWZ).  18 U.S.C. §641 is a continuing offense. "...Congress must have intended [18 U.S.C. §641] to be treated as a continuing [offense].  United States v. Miller, 200 F. Supp. 2d 616 (S.D. West Virginia 2002)(defendant charged with 18 U.S.C. §641 for monthly theft of deceased mother's social security check). "...[T]he nature of the offense of knowingly concealing and retaining stolen government property, nevertheless, convinces us that Congress intended for that offense to be a continuing one. Stolen government property is not unlike contraband. The passage of time does not give the defendant a license to possess it." United States v. Blizzard, 27 F.3d 100, 102 (4th Cir. 1994).

Therefore, the date of conclusion of the commission of the crime in the year 2003, is the date from which the statute of limitations begins to run.

In <u>United States v. Smith</u>, 373 F.3d 561, the indictment charged the beginning of the offense in 1994, a month after the death of the defendant's mother.  The scheme charged was from 1994 until 1998. The indictment issued in January 2003 and was ruled timely because it was brought within five years of the date of the final deposit in 1998.   The government was permitted to present evidence from the period starting in 1994.[3] The defendant's conduct, the Court ruled, "constituted a single continuous scheme to embezzle government funds and was of a nature that Congress must have intended that it be treated as a continuing offense."  <u>Smith</u>, 373 F.3d at 568.

---

[3]The court noted that "[f]rom March of 1994 through February of 1998, 48 payments were electronically deposited into Smith's joint account with his mother; each deposited was between $%525 and $583." <u>Smith</u>, 373 F.3d at 563.

**CONCLUSION**

Based upon the foregoing, the government respectfully requests that the Court deny the motion to dismiss in its entirety.

                                   Respectfully submitted,

                                   MICHAEL J. SULLIVAN
                                   United States Attorney

                    By:  /s/Nadine Pellegrini
                         Nadine Pellegrini
                         Assistant U.S. Attorney
                         U. S. Attorney's Office
                         John Joseph

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic filing:

            Bruce Singal, Esq.
            Donoghue, Barrett & Singal
            One Beacon Street
            Boston, MA 02108

This 21 day of September, 2004.

                                   /s/Nadine Pellegrini
                                   NADINE PELLEGRINI
                                   ASSISTANT UNITED STATES ATTORNEY