IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> ROBERT C. GERRARD ) | No. 04 CR 10089 RWZ |

## REPORT OF DEFENDANT'S MEDICAL CONDITION

Pursuant to the Court's derivative, this report is submitted on the medical condition of the defendant Robert Gerrard. During the week of March 7, 2005, Mr. Gerrard experienced a series of Transient Ischemic Attacks ("TIAs"), which are caused by a stenosis, i.e. blockage, of an artery leading to his brain, and which create a risk of stroke. These attacks are characterized by inability to speak and loss of mobility in Mr. Gerrard's left arm and leg.

Mr. Gerrard was initially treated at the Miles Memorial Hospital in Damarascotta, Maine, but his condition was deemed sufficiently serious that he was transported by ambulance to the Neuro-Intensive Care Unit at Massachusetts General Hospital on March 15, 2005. As stated in the attached letter from Dr. Kwanna Williamson of the MGH Department of Neurology, Mr. Gerrard "was found to have a severe narrowing of a major artery to his brain, and will need to be on medical therapy to prevent any blood clots. His condition is serious, but he is currently stable."

Mr. Gerrard was discharged on March 21, 2005 for follow-up management of his condition by his primary care physician, Dr. Amy Etzwieler of Miles Memorial Hospital. With respect to his ability to appear in court, Dr. Williamson stated in her letter:

> We understand the stressful nature of his court case and would advise that he be allowed to rest, adjust to his new medical regimen, and be seen and cleared by his PCP before appearing in court. We would advise that he take *at least* a week before doing so (emphasis in original).

Since returning to his current residence in Maine on March 21, 2005, Mr. Gerrard has been on a strict regimen of medications designed to ensure the free flow of blood through the blocked artery to his brain. He had been tested on a daily basis to ensure that the level of Coumadine he was receiving remained at the necessary level to prevent a stroke. He is next being tested this Tuesday, March 29, 2005, and will speak to Dr. Etzwieler at that time concerning her opinion on whether he is now able, based on his current condition, to appear in court, which Mr. Gerrard desires and intends to do at the earliest possible time consistent with his doctor's directives. Undersigned counsel will report to the Court on Dr. Etzwieler's assessment on Wednesday, March 30, 2005, and will furnish any documentation the Court deems necessary.

Respectfully submitted,

ROBERT C. GERRARD,
By his attorneys,

    /s/   Bruce A. Singal
Bruce A. Singal, BBO #464420
Donoghue, Barrett & Singal, P.C.
One Beacon Street
Boston, MA 02108
617-720-5090

Dated:  March 28, 2005

## CERTIFICATE OF SERVICE

    I, Bruce A. Singal, hereby certify that I have caused a copy of the Report of Defendant's Medical Condition to be served upon Nadine Pellegrini, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Suite 9200, Boston, Massachusetts 02210, by first class mail and facsimile, this 28th day of March, 2005.

                                                /s/   Bruce A. Singal
                                                Bruce A. Singal